**Don R. HUBBARD, Plaintiff–Appellant,**

v.

**BIMBO BAKERIES USA INC., a Delaware corporation doing business as Orowheat Bakeries, Defendant–Appellee.**

No. 06–35981.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2008.

Filed March 18, 2008.

Richard C. Busse, Esq., Scott N. Hunt, Esq., Matthew B. Duckworth, Esq., Busse & Hunt, Portland, OR, for Plaintiff–Appellant.

Edwin A. Harnden, Esq., Todd A. Hanchett, Esq., Barran Liebman, LLP, Portland, OR, for Defendant–Appellee.

Before: BERZON and BEA, Circuit Judges, and GUTIERREZ *, District Judge.

## MEMORANDUM **

Don Hubbard appeals the district court's order granting summary judgment in favor of defendants Bimbo Bakeries USA, Inc., d/b/a Orowheat Bakeries ("Bimbo") on all of Hubbard's claims. Hubbard brought this action against Bimbo for: (1) sex discrimination and retaliation for opposition to sex discrimination, in violation of Title VII, 42 U.S.C. § 2000e, *et seq.;* (2) sex discrimination and retaliation for opposition to sex discrimination, in violation of Or. Rev. Stat § 659A.030, *et. seq.;* and (3) common law wrongful discharge. Hubbard asserts two male coworkers made offensive sexual comments and advances to him over a period of a few months. He further asserts that, when he complained of the offensive conduct to his superiors, Bimbo retaliated against him by deciding to transfer him another distribution facility five miles away and by subjecting him to such an intolerable work environment such that he had no choice but to resign (*i.e.,* he was "constructively discharged").[1]

---

* The Honorable Philip S. Gutierrez, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the facts are known to the parties, we revisit them only as necessary.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's determination a plaintiff exhausted his administrative remedies. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir.2002). We review de novo a district court's grant of summary judgment. *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1053 (9th Cir.2007). We affirm.

■ The district court correctly found Hubbard exhausted his administrative remedies before bringing his claims of discrimination in violation of federal and state statutes. Hubbard filed an administrative complaint with the Oregon Bureau of Labor and Industries ("BOLI") alleging statutory employment discrimination three days after he brought his original state civil action alleging common law wrongful discharge. Oregon law states an administrative complaint alleging unlawful discrimination "may not be filed [with BOLI] if a civil action has been commenced in state or federal court alleging the *same matters.*" Or.Rev.Stat. § 659A.820(2) (emphasis added). Hubbard's administrative complaint and state civil action were based on the *same set of facts,* but *different matters* (*i.e.,* different causes of action; the administrative complaint alleged causes of action arising under statutes; the civil action complaint alleged a cause of action arising under the common law, which required proof of different elements). Because Oregon rules regarding administrative complaints use language in other situations regarding "the same set of facts," the district court correctly concluded Hubbard's state civil action and his administrative complaint did not allege the "same matters" within the meaning of Or. Rev. Stat § 659A.820. *See* Or.Rev.Stat. § 659A.805(d) (BOLI "may adopt reasonable rules ... [f]or internal operation and practice and procedure before the commissioner under this chapter."); *SEC v. McCarthy,* 322 F.3d 650, 656 (9th Cir.2003) (The use of different words or terms within a statute or regulation demonstrates an intent to convey a different meaning for those words.). By amending his complaint to add the statutory counts under Title VII and Or. Rev. Stat § 659A.030, *et. seq.,* within 90 days of receiving a "right to sue" letter from BOLI and the EEOC, Hubbard exhausted his administrative remedies.

■ The district court correctly granted summary judgment to Bimbo on Hubbard's common law wrongful constructive discharge claim. *See McGanty v. Staudenraus,* 321 Or. 532, 557, 901 P.2d 841 (1995). Hubbard's evidence fails to create triable issues of fact regarding all elements of common law wrongful constructive discharge, except the element that requires the plaintiff to have actually quit. First, the evidence does not show Hubbard's working conditions were so intolerable a reasonable person in his position would have felt compelled to resign. Next, there is no evidence Bimbo created an intolerable work environment with the intent to force Hubbard to resign. Finally, there is no evidence Bimbo's decision to transfer Hubbard to the Tigard facility was because of Hubbard's complaints of sexual harassment.

The district court correctly granted summary judgment to Bimbo on Hubbard's hostile work environment claim. *See Kortan v. California Youth Authority,* 217 F.3d 1104 (9th Cir.2000). The evidence did not create a triable issue of fact as to whether Hubbard suffered from offensive conduct so severe and pervasive as to alter the terms and conditions of Hubbard's employment. The case Hubbard cites in support of his hostile work environment claim, *Nichols v. Azteca Restaurant Enterprises, Inc.,* 256 F.3d 864 (9th Cir.2001), presents a completely different picture.

The district court correctly granted summary judgment to Bimbo on Hubbard's retaliation claim. *See Kortan,* 217 F.3d at 1112. The evidence does not create a triable issue of fact as to whether Bimbo's decision to transfer Hubbard to Tigard was in any way caused by or in retaliation for Hubbard's complaints. Indeed, when Hubbard was not available to go to Tigard, the Tigard foreman was nonetheless moved to Beaverton and another employee was promoted and sent to Tigard. This was evidence of a valid employment reason to send Hubbard to Tigard, unrebutted by any evidence of pretext. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)

**AFFIRMED.**

BERZON, Circuit Judge, dissenting:

I agree with the majority for the most part, but would remand for trial on the hostile work environment cause of action. On this summary judgment record, a reasonable trier of fact could find the offensive conduct to which Hubbard was exposed both sex-based and sufficiently severe and pervasive to amount to actionable sexual harassment under 42 U.S.C. § 2000e–2(a)(1) and O.R.S. § 659A.030. I would not rely for this conclusion on Felty's remark regarding wanting a "relationship" with Hubbard, which a reasonable person in Hubbard's position would not construe as sexually suggestive. But there was other conduct—remarks, suggestively close invasion of Hubbard's "space," and "smooching sounds"—that occurred over about a year, culminating in the incident in which Felty drove a truck dangerously close to Hubbard and then made remarks that a reasonable person could construe as a crude sexual proposition.

It may well be that this conduct, if it occurred at all, was both meant and understood as expressing purely personal animosity through crude behavior and language, rather than sex-based propositions or hostility. But that would be a question for trial.

I note as well that on Hubbard's version of events, it appears that he raised his concerns with his supervisors sufficiently to trigger a responsibility to take action to eliminate the harassment. *See Nichols v. Azteca Restaurant Enters., Inc.,* 256 F.3d 864, 875 (9th Cir.2001). Johnson and Kanyo deny Hubbard's account, maintaining that Hubbard's complaints about Felty did not include the sexual conduct now alleged, and that he did not complain about Marshall at all. Such divergent accounts of plainly material facts can only be resolved at trial.

I respectfully dissent.